IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KRISTOPHER GEORGE ARDOIN | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv399 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Kristopher George Ardoin, proceeding *pro se,* filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

In 2017, following a jury trial, movant was convicted of conspiring to distribute more than 280 grams of cocaine and of conspiring to possess firearms in furtherance of drug trafficking. He was sentenced to life imprisonment. The convictions and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. *United States v. Walker*, 750 F. App'x 324 (5th Cir. 2018). Movant did not file a petition for writ of *certiorari* with the Supreme Court.

Analysis

For the reasons set forth below, this motion to vacate is barred by the applicable statute of limitations.

There is a one year statute of limitations for motions to vacate. 28 U.S.C. § 2255(f). The limitations period begins to run from the latest of: (1) the date on which the judgment of conviction became final; (2) the date on which an impediment to filing created by unconstitutional governmental action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to case on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through due diligence. *Id*.

Movant's conviction was affirmed on September 28, 2018.  His conviction became final, and the period of limitations began to run, 90 days later, on December 27, 2018, when the time period for filing a petition for writ of *certiorari* expired.  The period of limitations expired one year later, on December 27, 2019 .  As this motion to vacate is dated October 29, 2023, it was filed after the period of limitations expired.[1]  The motion to vacate should therefore be dismissed.

## Recommendation

This motion to vacate, set aside or correct sentence should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 15th day of November, 2023.

_____
Zack Hawthorn
United States Magistrate Judge

---

[1] Movant's grounds for review are not based on a retroactively applicable Supreme Court decision or a factual predicate that could not have been discovered earlier through due diligence.  Nor does movant assert there was an unconstitutional governmental impediment to his filing a motion to vacate earlier or that he is entitled to equitable tolling.